UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LISA A.,

                Plaintiff,

v.

ANDREW M. SAUL,
Commissioner of Social Security,

                Defendant.

CASE NO. C19-1437-MAT

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REMANDED for further administrative proceedings.

## **FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1969.[1] She completed high school, obtained an associates degree in health management, and previously worked in telecommunications and as a customer service representative. (AR 134, 148.)

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER
PAGE - 1

Plaintiff filed a DIB application on June 10, 2016 and an SSI application on October 17, 2016, alleging disability beginning May 17, 2016. The applications were denied initially and on reconsideration. On March 14, 2018, ALJ Eric S. Basse held a hearing, taking testimony from plaintiff and a vocational expert (VE). (AR 143-84.) On September 19, 2018, the ALJ found plaintiff not disabled. (AR 125-35.)

Plaintiff timely appealed. The Appeals Council denied plaintiff's request for review on July 27, 2019 (AR 1-5), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset date. At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found severe plaintiff's fibromyalgia, cervical radiculopathy, left knee tendonitis, obesity, migraine headaches, visual disturbance, gastrointestinal condition, asthma, anxiety, depression, somatoform disorder, and personality disorder. He found plaintiff's gallbladder issue not severe. Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found plaintiff's impairments did not meet or equal the criteria of a listed impairment.

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has

demonstrated an inability to perform past relevant work. The ALJ found plaintiff able to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a) due to her presentation with a cane from time-to-time. She can frequently climb ramps and stairs, stoop, kneel, crouch, and crawl, is unlimited in balancing, but can never climb ladders, ropes or scaffolds. She should avoid no more than moderate noise levels and no bright lights, but moderate office type lighting is acceptable. She can have limited to no concentrated exposure to pulmonary irritants and not even moderate exposure to hazards. Plaintiff has no vision in the right eye. She can perform simple, routine tasks and familiar detailed tasks, but not highly detailed, highly complex tasks. She should have no interaction with the general public and only superficial interaction with coworkers and supervisors, so long as familiar individuals. She cannot work at a production rate pace. The ALJ found, with this RFC, plaintiff unable to perform past relevant work.

If a claimant demonstrates an inability to perform past relevant work, or has no past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. With the assistance of the VE, the ALJ found plaintiff capable of performing work as an assembler, preparer, and hand mounter. Therefore, the ALJ found plaintiff not disabled.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). *Accord Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) ("We will set aside a denial of benefits only if the denial is unsupported by substantial evidence in the administrative record or is based on legal error.") Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v.*

*Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ failed to include her migraine history in considering her impairments at step four and, therefore, also erred at step five.[2] The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

## Subjective Symptom Testimony

The ALJ found plaintiff's migraine headaches severe at step two. However, plaintiff contends the ALJ failed to fully credit her testimony about the limitations caused by the migraine headaches in assessing her RFC.

Absent evidence of malingering, an ALJ must provide specific, clear, and convincing reasons to reject a claimant's testimony. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996).[3] In considering the intensity, persistence, and limiting effects of a claimant's symptoms, the ALJ "examine[s] the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." Social Security Ruling (SSR) 16-3p.

---

[2] Plaintiff's Opening Brief states the ALJ "improperly rejected the opinions of Mr. Estrada's medical sources", but this language appears to have been included in error.

[3] Effective March 28, 2016, the Social Security Administration eliminated the term "credibility" from its policy and clarified the evaluation of a claimant's subjective symptoms is not an examination of character. Social Security Ruling 16-3p. The Court continues to cite to relevant case law utilizing the term credibility.

ORDER
PAGE - 4

Addressing plaintiff's migraine headaches at step four, the ALJ found "treatment notes from the neurology clinic in November 2017, revealed headaches are controlled with medication." (AR 131.) The ALJ stated: "[C]ertain environments may be particularly dangerous to the claimant due to her history of migraine headaches and obesity. These symptoms and reported side effects from medications may impair judgment." (AR 133.) Accordingly, the ALJ limited plaintiff to no work involving hazards and no exposure to loud noises, bright lights, and pulmonary irritants, since these conditions may bring on or exacerbate migraine headaches and asthma and could be difficult due to her visual disturbance. (*Id*.)

Plaintiff disputes the ALJ's conclusion her migraine headaches are controlled with medication, pointing to her hearing testimony she is totally incapacitated from headaches an average of once a week. (AR 155.) Plaintiff contends the ALJ failed to take into account the excessive absenteeism caused by her migraine headaches, which would preclude the ability to sustain employment. She questions the sufficiency of the medical records relied upon by the ALJ for finding her migraines controlled by medication.

As support for finding plaintiff's migraine headaches controlled with medication, the ALJ cited specific chart notes. A July 12, 2016 note from the VA Puget Sound Health Care System indicates "her migraines aren't better with propranolol and [she] is getting nausea/vomiting." (AR 709.) On October 6, 2016, plaintiff reported headaches about three times per week and "migraines have improved in intensity and frequency" with the medication regime, and no changes in vision, nausea, vomiting, weakness, fever, or chills. (AR 851.) On January 11, 2017, the headaches are noted as improved. (AR 1080.) On September 14, 2017, plaintiff asked to re-start the propranolol because it "seemed to be helping with the migraines and headaches in general." (AR 1241.) On November 27, 2017, plaintiff's VA Health Summary discusses ongoing medication management

of migraine headaches. Plaintiff reported continuing migraine headaches two times per week, lasting from eighteen to thirty-six hours. However, she "takes DHE nasal spray at onset of the migraine headache which typically controls them in 1-2 doses." (AR 1454.)

Plaintiff cites other chart notes in support of her contention the migraines are not controlled with medication. On November 11, 2016, she reported worsening migraines in the past two years, going from twelve to eighteen hours in duration to one-and-a-half to two days, occurring up to twice per week. The headaches worsened with a higher dose of propranolol, so the dose was reduced. (AR 1144-45.) She reported, on December 20, 2016, worsening headaches, occurring three times per week. (AR 1089). On February 9, 2017, she reported daily midlevel headaches and twice per week severe headaches. (AR 1061.) The ALJ did not discuss these chart notes.

"While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); SSR 16-3p. An ALJ therefore properly considers whether the medical evidence supports or is consistent with a claimant's allegations. *Id.*; 20 C.F.R. §§ 404.1529(c)(4), 416.1529(c)(4) (symptoms are determined to diminish capacity for basic work activities only to the extent the alleged functional limitations and restrictions "can reasonably be accepted as consistent with the objective medical evidence and other evidence.") An ALJ may reject subjective testimony upon finding it contradicted by or inconsistent with the medical record. *Carmickle v. Comm'r of SSA*, 533 F.3d 1155, 1161 (9th Cir. 2008); *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

While an ALJ appropriately considers consistency with the medical record and determinations addressing a claimant's symptom testimony are inescapably linked to conclusions

regarding the medical evidence, the entire medical record must be considered in making this comparison. 20 C.F.R. §§ 404.1529(a), 416.929)(a) ("In evaluating the intensity and persistence of your symptoms, including pain, we will consider <u>all of the available evidence</u>, including your medical history, the medical signs and laboratory findings, and statements about how your symptoms affect you.") (emphasis added.) In this case, although the record contains references that support the ALJ's conclusion plaintiff's migraine headaches were controlled by medication, it also contains multiple references contradicting that conclusion, as previously referenced herein and cited by plaintiff. The ALJ did not discuss these records or explain why they were given less weight than the favorably cited records. The Court finds the records identified by plaintiff to raise a question as to the substantial evidence support for the ALJ's conclusion. The error is not harmless because the sole reason given by the ALJ for not accepting plaintiff's testimony about the limitations from migraine headaches is that the headaches are controlled by medication.

On remand, after a review of the medical record as a whole, the ALJ should reconsider plaintiff's subjective symptom testimony about the effect of her migraine headaches on her ability to sustain employment. The ALJ should then, if necessary, re-conduct the step five analysis.

## **CONCLUSION**

For the reasons set forth above, this matter is REMANDED for further proceedings consistent with this Order.

DATED this <u>26th</u> day of March, 2020.

Mary Alice Theiler
United States Magistrate Judge

ORDER
PAGE - 7